# Josh Bernstein, P.C.

## Civil Rights & Employment Law

Josh Bernstein, P.C.  (Phone) (646) 308-1515
188 Grand St., 2nd Fl.  (Fax)     (718) 679-9517
New York, NY 10013  jbernstein@jbernsteinpc.com

March 26, 2024

**RE: Request to Hold Defendant's Motion to Dismiss in Abeyance in
Anticipation of Plaintiff's Motion to Amend While Awaiting
the EEOC's Issuance of a Right-to-Sue Letter as to Plaintiff's ADA Claims**

The Honorable Vernon S. Broderick
United States District Court, Southern District of New York
Courtroom 518
40 Foley Square
New York, NY 10007

### *Hendry v. American Society of Composers, Authors, and Publishers, d/b/a ASCAP*
### 23-CV-10107

Judge Broderick,

      I represent Plaintiff Jackie Hendry ("Ms. Hendry") in the above-captioned matter, and write to request that the Court hold Defendant's Motion to Dismiss the Amended Complaint in abeyance while Plaintiff awaits the issuance of a right-to-sue letter from the EEOC, so that she may move to amend the complaint to add Americans with Disabilities Act causes of action.

      By way of background, this is a single-plaintiff employment discrimination suit concerning Defendant's refusal to accommodate Plaintiff's Epilepsy, Periodic Fever Disorder, and Orthostatic Tachycardia Syndrome by denying Plaintiff – whose position was an ordinary white-collar office job – the ability to work remotely, despite allowing Plaintiff's department head (and numerous other employees) to work remotely. Defendant then forced Plaintiff to take block leave instead of merely utilizing leave on the days she was required to be in the office, and fired Plaintiff when she prematurely exhausted her leave as a result of Defendant forcing her to take block leave instead of intermittent leave. Plaintiff's existing claims are brought under the New York City Human Rights Law, the Family and Medical Leave Act ("FMLA"), and the New York Labor Law.

      This case was filed on November 16, 2023. Defendant moved to dismiss Plaintiff's FMLA claims on January 17, 2024, requesting that the court decline jurisdiction over Plaintiff's city and state law claims. Plaintiff amended as of right to amplify her FMLA claims, and Defendant renewed its motion on February 14, 2024,

again requesting that the Court decline jurisdiction over Plaintiff's city and state law claims.

After discussion with my client, Plaintiff has opted to file a charge of discrimination with the EEOC mirroring her New York City Human Rights Law Claims in this suit on March 11, 2024, requesting that the EEOC dismiss the charge for administrative convenience and issue a right-to-sue letter so that Plaintiff may add Americans with Disabilities Act ("ADA") claims to this litigation. We anticipate the issuance of the right-to-sue letter shortly.

Long before the pandemic, courts recognized that telecommuting is a legally cognizable disability accommodation. *See e.g. Vangas v. Montefiore Medical Center*, 6 F.Supp.3d 400, 418-420 (S.D.N.Y. 2014) citing *Nixon Tinkelman v. New York City Dept. of Health and Mental Hygiene*, 434 Fed.Appx 17 (2d Cir. 2011). Indeed, the EEOC issued guidance recognizing telecommuting as a reasonable accommodation over two decades ago. https://www.eeoc.gov/laws/guidance/work-hometelework-reasonable-accommodation. Post-pandemic, plaintiffs in the Second Circuit have been securing summary judgment in their favor on telecommuting claims like those brought here. *See e.g. Goldman v. Sol Goldman Incs., LLC*, No. 20-CV-06727, 2022 U.S. Dist. Lexis 140927 (S.D.N.Y. August 5, 2022) (granting plaintiff summary judgment on telecommuting failure to accommodate claim); *Laguerre v. Nat'l Grid USA*, No. 20-3901, 2022 U.S. App. Lexis 6328 (2d Cir. 2022). Accordingly, Plaintiff's prospective ADA claims have no exposure on a motion to dismiss on the pleadings.

With the addition of ADA claims as an additional font of federal jurisdiction, Defendant's strategy of seeking dismissal of Plaintiff's FMLA claims to force the suit into state court will be rendered moot. Prior to making this request to the Court, the undersigned informed defense counsel of Plaintiff's filing of the EEOC charge and intent to amend the complaint to add ADA claims, and offered to excise Plaintiff's FMLA claims entirely from the contemplated Second Amended Complaint in exchange for Defendant's consent to amend the complaint pursuant to FRCP § 15(a)(2) and to Answer the prospective Second Amended Complaint instead of engaging in further motion practice, but Defendant declined this offer.

Plaintiff will therefore have to move to amend the complaint once the right-to-sue letter is issued. Given that this case is pre-discovery, and that Plaintiff cannot bring ADA claims until she receives her right-to-sue letter, the Court will presumably grant Plaintiff's prospective Motion to Amend, and Defendant's motion to dismiss will be aimed at an obsolete pleading.

Accordingly, Plaintiff respectfully requests that the Court hold Defendant's Motion to Dismiss the Second Amended Complaint in abeyance while Plaintiff awaits issuance of the right-to-sue letter, at which point she will promptly move to amend.

Alternatively, to the extent the Court denies Plaintiff's request to hold Defendant's motion in abeyance, Plaintiff requests an extension of time to respond to Defendant's motion from the existing deadline of March 29, 2024 to April 29, 2024.

Thank you for your attention to this matter.

Very truly yours,

/s/

Joshua Alexander Bernstein

APPLICATION DENIED,
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.   3/29/2024

Plaintiff's request to hold Defendant's motion in abeyance is DENIED.  However, Plaintiff's request for an extension of time to respond to Defendant's motion is GRANTED IN PART.  The extension is granted until April 12, 2024.  SO ORDERED.